Krasniqi v. Barr

BIA
A078 719 302

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

AGRON KRASNIQI,
> *Petitioner,*

> v.                                                   18-65
>                                                      NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Charles Christophe, New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Mary Jane
                       Candaux, Assistant Director; Remi
                       da Rocha-Afodu, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file one motion to reopen no later than 90 days after the final administrative decision is rendered. *See* 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Krasniqi's August 2017 motion was time and number barred because it was his third motion to reopen, filed more than 14 years after the BIA's May 2003 decision dismissing his appeal of his removal order. While there are limited exceptions to the 90-day time limitation, Krasniqi does not assert that any of them apply. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008); 8 C.F.R. § 1003.2(c)(3). His eligibility to adjust status based on his marriage does not implicate any exception. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009).

Even when a motion to reopen is untimely, the BIA has regulatory authority to reopen *sua sponte*. *See* 8 C.F.R.

2

§ 1003.2(a). The agency invokes its *sua sponte* authority only in "exceptional situations," not as a "general cure for filing defects or to otherwise circumvent the regulations, where enforcing them may result in hardship." *In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997). We lack jurisdiction to review a decision declining to reopen *sua sponte* because it is "entirely discretionary." *Ali*, 448 F.3d at 518. There is only one exception, "where the [BIA] may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the [BIA] for reconsideration in view of the correct law is appropriate." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We find no basis for remand here because the BIA did not conclude that reopening would necessarily fail or address Krasniqi's eligibility for relief. The BIA determined only that there was no exceptional situation that warranted reopening.

Accordingly, we lack jurisdiction to review further the BIA's denial of reopening. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court